**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1330**

JAK PRODUCTIONS, INC.; GROUP CONSULTANTS, INC.,

Plaintiffs - Appellants,

v.

ROBERT BAYER,

Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.   Joseph R. Goodwin, District Judge.  (2:15-cv-00361)

Submitted:  August 31, 2015          Decided:  September 22, 2015

Before DUNCAN and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard M. Wallace, LITTLER MENDELSON, P.C., Morgantown, West Virginia; David J. Carr, Paul C. Sweeney, ICE MILLER LLP, Indianapolis, Indiana, for Appellants.   Michael B. Hissam, Isaac R. Forman, BAILEY & GLASSER LLP, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

JAK Productions, Inc., and Group Consultants, Inc., (collectively, JAK) appeal from the district court's order denying their request for a preliminary injunction in their civil action against Robert Bayer under West Virginia law and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g) (2012). The district court denied JAK's request for the issuance of a preliminary injunction with respect to a restrictive covenant at section 8.a. of an employment contract between Bayer and JAK.* We affirm.

"[W]here a preliminary injunction is under an interlocutory examination, determining whether the district court abused its discretion 'is the extent of our appellate inquiry.'" Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore, 721 F.3d 264, 290 (4th Cir. 2013) (en banc) (quoting Doran v. Salem Inn, Inc., 422 U.S. 922, 934 (1975)). As long as the district court "applied a correct preliminary injunction standard, made no clearly erroneous findings of material fact, and demonstrated a firm grasp of the

---

* This section restricts Bayer—who oversaw and managed certain of JAK's telemarketing call centers when he was employed by JAK—from "directly or indirectly, engag[ing] in any fund-raising or telemarketing business within a thirty (30)-mile radius" of any call center of JAK's for a period of 18 months after the termination of his employment.

legal principles pertinent to the underlying dispute," no abuse of discretion has occurred. Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 192 (4th Cir. 2013) (en banc). Factual findings underlying the district court's denial of a preliminary injunction are reviewed for clear error; legal conclusions are reviewed de novo. Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011).

A plaintiff seeking preliminary injunctive relief must demonstrate: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "[A]ll four requirements must be satisfied" to obtain the "extraordinary remedy" of a preliminary injunction. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 345-46 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010). With respect to the first prong, "the party seeking the preliminary injunction must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." Id. at 345 (quoting Winter, 555 U.S. at 22).

We conclude after review of the record and the parties' briefs that the district court did not abuse its discretion in denying JAK's request for a preliminary injunction on the basis

that JAK failed to demonstrate a likelihood of success on the merits. The district court determined that section 8.a. of the employment contract was facially unreasonable under West Virginia law and thus not enforceable, see Huntington Eye Assocs., Inc. v. LoCascio, 553 S.E.2d 773, 780 (W. Va. 2001); Reddy v. Cmty. Health Found. of Man, 298 S.E.2d 906, 910-11, 915, 918-19 (W. Va. 1982), and JAK's arguments on appeal do not establish reversible error in this determination. Contrary to JAK's assertion, the district court addressed its argument that section 8.a. pertained to recruitment activities and rejected it based on the section's plain language. We reject as unexplained JAK's contention that this ruling was error because Bayer's testimony and documentary evidence received at the hearing on the preliminary injunction request support the contract interpretation it advances. We also reject as unsupported by relevant law JAK's contention that section 8.a. should be construed as limiting recruitment activities.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4